UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DARREN JOHNSON,

          Plaintiff,

v.

CORRECTIONAL OFFICER
SCHULTZ, et al.,

          Defendants.
_____/

Case No. 2:22-cv-11056

HONORABLE STEPHEN J. MURPHY, III

**ORDER DENYING THE
APPLICATION TO PROCEED IN FORMA PAUPERIS [2],
DISMISSING THE COMPLAINT [1], AND ENJOINING PLAINTIFF**

    Plaintiff Darren Johnson is a Michigan prisoner who filed a pro se complaint against several prison officials. ECF 1. The gist of Plaintiff's claim is that he was denied access to a drinking fountain when he was thirsty and so he is in danger of complications due to his alleged hypothyroidism. *Id.* at 8–9. Plaintiff also alleged that the water he was forced to drink from was contaminated. *Id.* at 8. Last, Plaintiff applied to proceed in forma pauperis. ECF 2.

    Ordinarily, a federal litigant who is too poor to pay court fees "may commence a civil action without prepaying fees or paying certain expenses." *Coleman v. Tollefson*, 575 U.S. 532, 534 (2015) (citing 28 U.S.C. § 1915(a)). But "if a prisoner has attained 'three strikes,' he is thereafter precluded from proceeding [in forma pauperis] in civil actions unless under threat of immediate harm." *Scott v. Evans*, 116 F. App'x 699, 702 (6th Cir. 2004) (citing *Wilson v. Yaklich*, 148 F.3d 596, 602–04 (6th

1

Cir. 1998)). A prisoner earns a strike if he, "while incarcerated or detained in any facility, [has] brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted." § 1915(g). The only exception to the rule is when the "prisoner is under imminent danger of serious physical injury." *Id.* The Court may sua sponte dismiss a complaint under § 1915(g) based on the three strikes provision. *Harris v. City of New York*, 607 F.3d 18, 23 (2d Cir. 2010) (collecting cases); *Witzke v. Hiller*, 966 F. Supp. 538, 539 (E.D. Mich. 1997).

Plaintiff is a prolific filer in Michigan's Federal Courts. *Johnson v. Coffelt*, No. 2:21-cv-12675, ECF 4, PgID 93–94 (E.D. Mich. Nov. 30, 2021) (collecting cases). Plaintiff also has three strikes because many of his cases throughout the years were dismissed as "frivolous, malicious, or fail[ed] to state a claim upon which relief may be granted." § 1915(g); *Johnson*, No. 2:21-cv-12675, ECF 4, PgID 93–94 (collecting cases). Because Plaintiff is a three-striker, the only exception to paying the filing fee requires him to show that he is "under imminent danger of serious physical injury." § 1915(g). But other Courts in the Eastern District of Michigan have already dismissed Plaintiff's concerns about his thyroid condition as "insufficient to show that he is in imminent danger of serious physical injury." *Johnson v. Corr. Officer Carter*, No. 2:22-cv-10661, ECF 5, PgID 92–93. (E.D. Mich. May 11, 2022) (collecting cases). And Plaintiff's concerns about not having access to water show that he is not under immediate danger; Plaintiff still has access to water. ECF 1, PgID 8 ("[Defendants] told Plaintiff to get some water out of the bathroom."). To that end, Plaintiff's

allegations about contaminated drinking water is speculative and supported by no evidence. *Id.* at 8; *see Vandiver v. Prison Health Servs., Inc.*, 727 F.3d 580, 585 (6th Cir. 2013) (explaining that "conclusory or ridiculous claims" cannot satisfy the imminent danger standard) (quotation omitted). Because Plaintiff's concerns are overblown, the Court will deny the application to proceed in forma pauperis and dismiss the complaint.

Plaintiff's dismissal under § 1915(g) bars him from appealing the in forma pauperis finding. *See Drummer v. Luttrell*, 75 F. Supp. 2d 796, 805–06 (W.D. Tenn. 1999). The Court will also decline to certify that any appeal from this dismissal would be in good faith.

Last, the Court will enjoin Plaintiff from filing a new action without first obtaining leave from the Court. The Sixth Circuit has held that a district court may enjoin "vexatious litigants" from filing a new action without first obtaining permission. *See Filipas v. Lemons*, 835 F.2d 1145, 1146 (6th Cir. 1987). Over the years, Plaintiff has filed scores of unmeritorious complaints. In all, Plaintiff is a vexatious litigant, and the Court will enjoin him from filing a new action without first obtaining leave from the Court.

**WHEREFORE**, it is hereby **ORDERED** that the application to proceed in forma pauperis [2] is **DENIED** and the complaint [1] is **DISMISSED** under 28 U.S.C. § 1915(g).

**IT IS FURTHER ORDERED** that in forma pauperis status is **DENIED** on appeal.

**IT IS FURTHER ORDERED** that Darren Johnson is permanently **ENJOINED** from filing any new action in this Court without first obtaining leave. Any new complaint from Johnson submitted to the Clerk of the Court will be reviewed for merit by a U.S. District Judge. If the complaint is determined to assert an intelligible, non-frivolous claim, the Clerk's Office must assign the complaint to a randomly selected Judge; otherwise, the complaint must be dismissed.

This is a final order that closes the case.

**SO ORDERED.**

s/ Stephen J. Murphy, III<br>
STEPHEN J. MURPHY, III<br>
United States District Judge

Dated: May 18, 2022

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on May 18, 2022, by electronic and/or ordinary mail.

s/ David P. Parker<br>
Case Manager

4